In the Matter of THOMAS ANDERSON, Appellants, v TOWN OF CHILI PLANNING BOARD et al., Respondents. [873 NYS2d 796]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 18, 2007 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondent Town of Chili Planning Board to dismiss the petition.

It is hereby ordered that the judgment so appealed from is affirmed without costs.

Memorandum: Petitioners appeal from a judgment dismissing their petition pursuant to CPLR article 78 seeking to annul the determination of respondent Town of Chili Planning Board (Planning Board) granting the applications of respondent Metalico Rochester, Inc. (Metalico) with respect to, inter alia, the installation of a metal shredder on the site of its scrap metal processing facility. According to the petition, that facility is located in proximity to the Rochester International Airport, and the traffic pattern for a specified runway "will take aircraft using this runway directly over [the facility] at low altitude." The record of the public hearing before the Planning Board establishes that Metalico's representative advised the Planning Board that explosions can occur in the event that gasoline enters

the shredder and is ignited by sparks created by the milling process. The representative further explained, however, that water mist is sprayed into the shredder to "try to consume the oxygen and therefore limit the amount of explosions," and he stated that "[it] has worked out very, very successfully." Metalico provided an environmental assessment form (EAF), and the Town of Chili's Fire Marshal recommended, inter alia, that the Planning Board require Metalico to install a fire suppression system in the shredder and require that water mains provide service to the shredder and to hydrants on Metalico's property. The Fire Marshal concluded that, if his recommendations were accepted, "we will have an excellent operation at [Metalico] without nagging concerns." Thereafter, the Planning Board voted to table Metalico's application pending a type I review pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]), for which it would be the lead agency.

During the course of the SEQRA review, Metalico advised the Planning Board that, because explosions require oxygen in order to occur, Metalico will inject a water and soap solution into the shredder. In addition, explosions are prevented because gasoline tanks are drained from vehicles before processing. Metalico advised the Planning Board that vehicles comprise only approximately 25% of the material processed at the facility. Also as part of the SEQRA review, the Monroe County Department of Planning and Development informed the Planning Board by letter that the application had been reviewed "for airport considerations and has been granted airport approval with conditions based on the fact that the new recycling plant equipment will not exceed a height of 49 feet." Petitioner Rochester Air Center, LLC, through its owner, advised the Planning Board by letter that it was concerned about the risk that periodic explosions would pose to air traffic using the specified runway that required aircraft to fly over the Metalico facility at a relatively low altitude. The Planning Board also received a letter from LaBella Associates, P.C. stating that the metal shredder posed numerous environmental and safety risks, including the risks of explosions and the ejection of material or shrapnel that could impact air traffic safety. Those two letters were not discussed at the public hearing.

The Planning Board hired FES Associates to conduct an environmental review, and in part 2 of the EAF that FES Associates prepared noted that there were "small to moderate" potential environmental impacts, including the "risk of explosion or release of hazardous substances." The risk to aircraft

was not specifically addressed in the EAF or at the public hearing. The Planning Board adopted the recommendation of FES Associates that the project would not have a significant impact on the environment and therefore issued a negative declaration (*see generally* ECL 8-0109 [8]).

It is well settled that "[a] court's authority to examine a SEQRA review . . . is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]). Contrary to petitioners' contention, the Planning Board "identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*id.* [internal quotation marks omitted]). We are cognizant that the Planning Board's determination did not address the precise concern raised by petitioners, i.e., that an explosion may affect air traffic. Nevertheless, viewing the determination of the Planning Board " 'in light of a rule of reason,' " we conclude that Supreme Court properly dismissed the petition (*id.*).

All concur except Smith and Pine, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Smith and Pine, JJ. (dissenting). We respectfully dissent because neither the Town of Chili's Fire Marshal nor the Monroe County Department of Planning and Development (Department) addressed the risk of explosions in the proposed automobile shredder resulting in fires, as well as the risk of flying projectiles from the shredder with respect to airplanes using runways near the proposed shredder. In his letter dated December 29, 2006 to respondent Town of Chili Planning Board (Planning Board), the Fire Marshal recommended that four conditions be met with respect to the proposed shredder: that a fire suppression system be installed in the shredder; that there be an adequate water supply; that the height of stacked material should not exceed 28 feet; and that the size of any material stacks should not exceed 90,000 square feet. The Department by letter dated January 26, 2007 set forth that "permit approval" for the shredder was granted by the airport "based on the fact that the new recycling plant equipment will not exceed a height of 49 feet." The Department further set forth that "the applicant will need to notify and coordinate the use of construction equipment such as cranes with a boom height over 100 feet" with the airport, and that "[w]ater must be used to control and manage dust from the operations on this site." Both communications preceded those received from petitioner Rochester

Air Center, LLC and LaBella Associates, P.C. which raised concerns about the risk of explosions in the shredder resulting in fires and the risk of flying projectiles from the shredder with respect to airplanes using nearby runways. Those concerns are sufficiently serious that they should have been addressed explicitly before the applications of respondent Metalico Rochester, Inc. were granted. It is not enough that the Planning Board considered the views of the Fire Marshal and the Department, inasmuch as it appears that neither had considered the risk to airplanes using nearby runways. We therefore would reverse the judgment, deny the Planning Board's motion to dismiss the petition, grant the petition and annul the Planning Board's determination. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.